## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON DIVISION

| | |
|---|---|
| John Sagi<br><br>    Plaintiff,<br><br>v.<br><br>Midland Credit Management, Inc.<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### PARTIES

1. Plaintiff is a natural person who resided in Toms River, New Jersey at all times relevant to this action.

2. Defendant is a Kansas corporation that maintained its principal place of business in San Diego, California at all times relevant to this action.

### JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

### STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Sears which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around September 29, 2010, Plaintiff filed a voluntary petition for a Chapter 7 bankruptcy.

14. Defendant was listed as a creditor on Plaintiff's bankruptcy petition.

15. On or around September 30, the Court notified Defendant of Plaintiff's bankruptcy filing by electronic transmission.

16. Despite this notice, Defendant mailed letters to Plaintiff in connection with the collection of the debt on October 9 and November 18, 2010.

17. On or around December 26, 2010, Defendant telephoned Plaintiff in connection with the collection of the debt.

18. During this communication, Plaintiff notified Defendant of Plaintiff's bankruptcy filing.

19. During this communication, Defendant confirmed that Defendant had already received Plaintiff's attorney's contact information.

20. During this communication, Defendant misrepresented to Plaintiff that the Bankruptcy Court did not accept Plaintiff's account and that Plaintiff still owed on Defendant's account.

21. Despite this notice, Defendant telephoned Plaintiff again on or around January 9, 2011 in connection with the collection of the debt.

22. Defendant caused Plaintiff emotional distress.

23. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

24. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

25. In support hereof, Plaintiff incorporates paragraphs 13-21 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

26. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representation or means in connection with the collection of the debt.

27. In support hereof, Plaintiff incorporates paragraph 20 as if specifically stated herein.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

28. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

29. In support hereof, Plaintiff incorporates paragraphs 13-21 as if specifically stated herein.

## JURY DEMAND

30. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

31. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman,

By: <u>/s/ *Alana M. Carrion*</u>
Alana M. Carrion
17 Academy Street, Suite 610
Newark, NJ 07102
Tel: 1.888.303.0431
axc@legalhelpers.com
*Attorney for Plaintiff*